

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11. TEXAS

GROVER SELLERS
~~DXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable I. B. Hand
Criminal District Attorney
Weatherford, Texas

Dear Sir:

Opinion No. O-7500

Re: Under the given facts, can the
Sheriff of Parker County legally
live in the living quarters in
the county jail, provided for the
jailer of the county, receiving
thereby free rent, utilities and
groceries?

Your letter of recent date requesting an opinion from this department on
the above subject matter is as follows:

"I have your opinion No. O-5297 and related opinion attached thereto
regarding the salary of the sheriff of Parker County, Texas.

"We have a question here in Parker County, Texas, concerning the sheriff's
compensation, which I wish to submit to you. The sheriff-elect has
informed the commissioners' court that he desires permission to
move himself and family into the living quarters at the county
jail and to live there and perform the duties as jailor, or if this
is objectionable, he states that he will merely live there and have
a regular jailor. The commissioners' court pays for all expenses
of the jail and the jailor living there, including groceries, utili-
ties, etc. I beg to be advised as to whether in your opinion the
sheriff can legally live in the living quarters provided for the
jailor of the county, receiving thereby free rent, utilities, and
groceries.

"It would appear to me under your opinion as set out above that this
could not be legally done unless the commissioners' court should
enter an order increasing the compensation of the sheriff as provided
in Article 3891, setting the amount of the increase at an equivalent
of the value of the rent and other items supplied the sheriff through
his residence at the jail.

"As this is question which presents a somewhat dilicate problem in our official family, I would appreciate your opinion as to whether the sheriff can legally take up his residence with his family at the jail, and of so, under what conditions."

Article 5116, V. A. C. S., provides:

"Each sheriff is the keeper of the jail of his county. He shall safely keep therein all prisoners committed thereto by lawful authority, subject to the order of the proper court, and shall be responsible for the safe keeping of such prisoners. The sheriff may appoint a jailer to take charge of the jail, and supply the wants of those therein confined; but <u>in all cases the sheriff shall exercise a supervision and control over the jail</u>." (Underscoring ours)

The word "may" is usually only permissive or discretionary, while the word "shall" is of mandatory effect. See: Words and Pharses, Vol. 26, pp. 760-770.

It will be noted that Article 5116 places a mandatory duty on the sheriff to exercise supervision and control over the jail in his county and leaves to his discretion whether a jailer is to be appointed. It is therefore the opinion of this department that the sheriff of Parker County and his family may legally live in the living quarters in the county jail if the sheriff believes that in so doing he can best carry out the duties prescribed in Article 5116.

It will be noted, however, that Article 5116 does not authorize a county to pay the utilities, groceries or other living expenses of the sheriff and his family. Nor have we been able to find any statute authorizing the same. Therefore, it is our further opinion that the Commissioners' Court is not authorized to allow the sheriff or his family their living expenses such as you have outlined in your request.

Yours very truly

APPROVED DEC. 21, 1946    ATTORNEY GENERAL OF TEXAS

s/ Harris Toler        s/ J. C. Davis, Jr.

By Harris Toler       By
First Assistant        J. C. Davis, Jr.
Attorney General      Assistant

JR:djm:ldw          s/ John Reeves
                  By John Reeves

APPROVED OPINION
COMMITTEE BY B. W. B. CHIRMAN